SMITH, Judge.
Health Care and Retirement Corporation of America, Inc. (HCR) appeals a final order of HRS in a proceeding under section 120.57, Florida Statutes. We reverse.
HCR sought several 120.57 hearings following adjustments made by HRS to Medicaid cost reports filed by HCR and seven Florida nursing homes owned and operated by HCR.[1] Only one of the several matters contested below is at issue in the instant appeal: whether HRS properly reimbursed certain HCR indirect home office costs.
In his recommended order, the hearing officer found that there are two separate and distinct steps in the process of reimbursing a Medicaid provider: first, the completion and filing of a cost report by a provider; and second, an audit process to confirm whether the classification of expenses in the report has been made in accordance with reimbursement principles. As noted in the related appeal, Department of Health and Rehabilitative Services v. Health Care and Retirement Corp. of America, Medicaid reimbursement procedures are governed by several documents: instructions to the cost report, the reimbursement Plan incorporated by reference in Rule 10C-7.0482, and HIM-15, a compendium of federal regulations. The hearing officer found that the instructions require indirect home costs to be recorded in the cost report as general and administrative costs, and that the Plan provides for the reclassification of costs for reimbursement. HIM-15 was found to have similar provisions. HRS has a policy, however, of refusing reclassification of costs recorded as general and administrative costs on a cost report irrespective of the actual character of a cost. Costs are reimbursed at different rates according to the nature of the cost. Therefore, reclassification at the reimbursement stage can have a significant effect on the amount of reimbursement.
In the rule challenge proceeding below, the hearing officer determined that HRS’ interpretation of the instructions, particularly Paragraph E thereof, as prohibiting reclassification of indirect home office costs, was not an interpretation readily apparent from a literal reading of the instructions. As a consequence of the final order in the related rule challenge, HRS was required in the proceedings under review here to explicate its policy with record support. Because the hearing officer found that HRS had not adequately done so, he recommended against HRS’ proposed disal-lowance of the challenged indirect home office expenditures. Contrary to this recommendation, in HRS’ final order, the Secretary concluded that the instructions control, and thus held that “home office expenses should be accounted for as a general and administrative cost pursuant to the instructions.”
In view of our affirmance of the final order at issue in Department of Health and Rehabilitative Services v. Health Care and Retirement Corp. of America, *544 593 So.2d 539, we find that HRS’ interpretation of the instructions is not an adequate basis for denying reclassification of indirect home office costs for reimbursement purposes. The hearing officer found no independent basis upon which to justify HRS’ policy, nor are we able to discern from the record an appropriate rationale for this policy. See, St. Francis Hospital v. Department of HRS, 553 So.2d 1351 (Fla. 1st DCA 1989).
In its answer brief, HRS states, without citation to the record, that its policy is justified by the fact that the policy prevents Medicaid providers from circumventing the reimbursement cap applicable to operating costs, a classification that includes general and administrative costs. The hearing officer in his order expressly considered and rejected this attempted justification. Essentially, the hearing officer determined that the original character of a cost, which is the premise of reimbursement, should not be altered by the presence of a reimbursement cap.
HRS has also argued on appeal that the policy against reclassification is necessary to ensure that Medicaid providers which operate without a home office are treated in a manner consistent with providers which do utilize a home office. HRS offers no record citation indicating that such an argument was made before the hearing officer, and our review of the record has failed to reveal that such an argument was in fact made below. Accordingly, we will not consider it.[2]
The final order of HRS is REVERSED and the cause is REMANDED for entry of order consistent with this opinion.
JOANOS, C.J., and BARFIELD, J., concur.

. Each nursing home sought a hearing regarding adjustments made to its cost report. The seven 120.57 proceedings were joined with a rule challenge filed by HCR which is the subject of the related appeal, Department of Health and Rehabilitative Services v. Health Care and Retirement Corp., et al., 593 So.2d 539 (Fla. 1st DCA 1991).

. In view of our holding that HRS did not sufficiently justify its policy on the record, it is unnecessary to consider the other issue raised by HCR regarding HRS’ alleged improper rejection of the hearing officer’s findings of fact.